# SULLIVAN,

## JULY TERM, A. D. 1849.

### PECK *v.* MAYNARD.

If the maker of a negotiable note that has not become due be summoned as the trustee of the payee, the note continues to be negotiable, but will be subject, in the hands of the indorsee, to the lien created by the process, although he takes it *bonâ fide*, before due, and without notice of the process.

In such case the pendency of the process is not a bar to an action of the indorsee against the maker, but is matter of abatement at most, and furnishes just ground for an application to the court to continue the cause till the result of the trustee process appears.

ASSUMPSIT, on a note made by the defendant on the 15th day of July, 1847, payable in ninety days to William Morgan, or order, and by him indorsed and transferred, in the September before its maturity, to the plaintiff, who received the same *bonâ fide*.

The defendant offered to show that the consideration for which he gave the note to Morgan had failed. He also offered to show that, on the 23d day of August, 1847, which was before Morgan had indorsed the note to the plaintiff, one Norton commenced an action against Morgan as principal, and the maker, the present defendant, as trustee.

This evidence, the court ruled, would be inadmissible, unless the defendant could also prove that the plaintiff, when he took the note, had notice of the facts.

This the defendant admitted that he could not do; and admitted, further, that the plaintiff had no knowledge of

the consideration of the note, or of the trustee process, until some days after he took the note. The defendant, however, insisted that the evidence offered was competent and sufficient to defeat the action; but the court held otherwise, and a verdict was thereupon taken, by consent, for the plaintiff, to be set aside if the court so order.

*Fuller*, for the plaintiff.                    ·

*Prentiss*, for the defendant.

WILCOX, J. The evidence offered for the purpose of showing a failure of the consideration for which the note was given, was properly excluded at the trial. The note, having been indorsed to the plaintiff before it was due, and he having been a *bonâ fide* purchaser, without notice of any defect or failure of the consideration, the defendant is precluded, by well established principles, applicable to   ,  negotiable paper, from setting up this defence against the plaintiff.

Nor do the other facts offered to be proved constitute of themselves a bar to this action. The defendant offered to show that, before the indorsement of the note to the plaintiff, one Norton had commenced a suit against the payee of the note, as principal, and the maker, this defendant, as trustee, and thereby attached this debt in the defendant's hands. It was not proposed to show that judgment had been rendered against the defendant in the trustee process, and it is wholly uncertain whether the lien obtained by the creditor in that suit will ever be consummated. That attachment may be terminated in a variety of modes.

The statute providing for the trustee process against the maker of a negotiable note was not intended to restrict its negotiability. The indorsee of a note whose maker has been summoned as the trustee of the indorser, takes it

subject to the attachment, and when the attachment is at an end, he may recover the debt. The mere pendency of the trustee process was, therefore, at most, matter in abatement, and not in bar of this action; and it was the proper foundation for an application to the court below, to continue the case in court till the termination of the trustee process.

The court, however, proceeded upon the ground that the plaintiff, having purchased the note before due, and without notice of the trustee process, was not in any way affected or bound by that process, and therefore rejected the evidence. For the same reason, if it was a valid one, the court should have refused an application for a continuance of the cause, to await the result of the trustee suit.

But the Revised Statutes expressly authorize the trustee process against the maker of a promissory note which has been made or which is payable in this State, or the parties to which, at the time of making the same, resided in this State. Rev. Stat., ch. 208, sec. 18. And a mode is provided to ascertain respecting the possession, transfer, or other disposition of such note. Notice is to be given of the attachment, that any person claiming an interest in the note may appear and show that the same was transferred to him in good faith, and for an adequate consideration, before the service of the trustee process. And it is expressly enacted, by section 14, that if it shall not appear that the note was so transferred, the promiser shall be charged as the trustee of the debtor; and payment of the judgment rendered against him shall be a discharge from the note, or from such part thereof as is equal to the amount so paid, together with all costs taxed in his favor. The 10th section provides for the case in which the trustee is indebted to the defendant, and the time of payment has not expired.

The statute makes no distinction between the case in which the note has been transferred before it was due,

and the case in which it has been transferred after. Nor do we see any ground for making such distinction. The purchaser of the note must take care that the holder has the right to transfer it, and that no attachment exists; and he takes it subject to the lien of the attachment, if any does exist. So far only is the negotiability of the note affected.

If the trustee process did not lie at all in such cases, debtors might, by a little care, keep a large proportion of their property out of the reach of their creditors. Before the year 1841, a party, indebted on a negotiable note, was not liable to be charged in the trustee process by reason of his indebtedness, and debtors had, by means of negotiable notes, been accustomed to place their property beyond the reach of their creditors. This was a great evil, which the legislature attempted, by means of the statute, to redress. The injury to creditors was found to be greater than the benefits derived from the unrestricted circulation of negotiable paper; and we are of the opinion that if we were to adopt the construction apparently given to the statute by the court below, we should restore the evil which it was the object of the statute to remedy.

The court were, however, correct in deciding that the facts offered in evidence were not sufficient to defeat the action, and, according to the provisions which the case makes, there should be judgment on the verdict. But this judgment cannot affect his liability in the trustee process, by which the money due was attached in his hands at the suit of Norton, and thus he might be liable to pay the debt twice. This ought not to be so.

But this court has jurisdiction only of the questions transferred here, and the defendant must seek his remedy in some other form, and as he may be advised.

*Judgment on the verdict.*